**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6957**

ALBERT ANDERSON,

        Plaintiff - Appellant,

v.

DEPUTY M. KINGSLEY, Deputy Sheriff of Gloucester County; DEPUTY
STEWART, Deputy Sheriff of Gloucester County,

        Defendants - Appellees,

and

D.W. WARREN, JR., Sheriff of Gloucester County; JOHN DOE #1, Unnamed
deputy, employee or agent of D.W. Warren, Jr., and/or Gloucester County; JANE
DOE #2, Unnamed deputy, employee or agent of D.W. Warren, Jr. and/or
Gloucester County,

        Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at
Newport News. Douglas E. Miller, Magistrate Judge. (4:14-cv-00028-DEM)

Argued: October 24, 2017                 Decided: December 14, 2017

Before NIEMEYER, TRAXLER, and WYNN, Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge
Traxler and Judge Wynn joined.

**ARGUED:** Andrew Mitchell Hendrick, SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, P.C., Virginia Beach, Virginia, for Appellant.  Jeff W. Rosen, PENDER & COWARD, P.C., Virginia Beach, Virginia, for Appellees.  **ON BRIEF:** Robert J. Haddad, SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, P.C., Virginia Beach, Virginia, for Appellant.  Lisa Ehrich, PENDER & COWARD, P.C., Virginia Beach, Virginia, for Appellees.

_____

NIEMEYER, Circuit Judge:

The question presented in this appeal is whether the district court properly instructed the jury on the definition of "deliberate indifference," as required for proving that prison officials are liable under the Eighth Amendment for failing to protect an inmate from a fellow inmate's assault.

After Albert Anderson was assaulted by a fellow inmate in Gloucester County Jail in Virginia, sustaining serious injury, he commenced this action under 42 U.S.C. § 1983 against two Gloucester County Sheriff's deputies, alleging that they acted with deliberate indifference to his health and safety, in violation of the Eighth Amendment's prohibition against "cruel and unusual punishments." At trial, the district court instructed the jury on the required element of deliberate indifference, stating that "[d]eliberate indifference is established only if the defendants . . . had actual knowledge of a substantial risk that Anderson would be injured . . . and if the defendants recklessly disregarded that risk by *intentionally* refusing or failing to take reasonable measures to deal with the risk." (Emphasis added). Anderson objected to the inclusion of the word "intentionally," and, following a jury verdict for the defendants, now appeals the district court's ruling overruling his objection.

For the reasons that follow, we conclude that the district court's instruction adequately and fairly stated the controlling law and therefore affirm.

# I

Anderson alleged that, on May 15, 2012, he complained to a Sheriff's deputy that a fellow inmate, Richard Rilee, had threatened him, and he therefore requested that he be moved to a cell block apart from Rilee's. While another Sheriff's deputy promptly moved Anderson as requested, neither deputy put Rilee's name on the jail's enemies list, as Anderson claims they should have.

Two days later, when Anderson and other inmates, including Rilee, were being escorted in a prison hallway, Rilee grabbed Anderson from behind and slammed his head on the concrete floor, causing serious injury.

Anderson commenced this action against the two Sheriff's deputies under 42 U.S.C. § 1983, alleging that the prison officials had breached their duty to protect him from Rilee's attack in violation of the Eighth Amendment's prohibition against "cruel and unusual punishments." He claimed that the defendants were liable "under a theory of acts of deliberate indifference" in that they "were actually aware of a substantial risk of harm to [him], and failed to reasonably respond to the risk, which proximately resulted in [his] injuries." He sought $3 million in damages.

At trial, the district court instructed the jury on the requirements for proving an Eighth Amendment claim, stating:

> Mr. Anderson, as an inmate in the Gloucester County Jail, had a right under the Eighth Amendment to be protected from attacks by other inmates, but he may only recover from these defendants if they knew of a substantial risk of serious harm to him while in custody and failed or refused to take reasonable measures to prevent that harm.

Your verdict must be for the plaintiff, Albert Anderson, and against the defendants . . . if Mr. Anderson has proved by a preponderance of the evidence all of the following elements of his claim:

First, an inmate, Richard Rilee, struck or assaulted the plaintiff, Albert Anderson; and

Second, the defendants, . . . . knew of a substantial risk of serious harm from an attack by that inmate, Rilee, before it happened; and

Third, the defendants, with deliberate indifference to Mr. Anderson's need to be protected from such an attack by Rilee, failed to take reasonable steps to protect him; and

Fourth, the failure proximately caused the plaintiff, Mr. Anderson, to be injured.

\* \* \*

Deliberate indifference is established only if the defendants . . . had actual knowledge of a substantial risk that Anderson would be injured by Rilee and if the defendants recklessly disregarded that risk by *intentionally* refusing or failing to take reasonable measures to deal with the risk. Mere negligence or inadvertence does not constitute deliberate indifference.

(Emphasis added). Counsel for Anderson objected to the court's inclusion of the word "intentionally," stating, "Our main objection is to having anything about 'intentionally.' I think the standard is clearly less than intentional . . . . Reckless is something less than intentional." The court overruled Anderson's objection, stating that it believed the instruction correctly reflected the law.

At the conclusion of the trial, the jury returned a verdict for the defendants, and the court entered judgment in their favor on June 13, 2016.

Anderson filed this appeal, challenging solely the deliberate indifference instruction that the district court gave to the jury.

5

II

We review *de novo* "whether the district court's instructions to the jury were correct statements of law," determining "whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state[d] the controlling law." *United States v. Blankenship*, 846 F.3d 663, 670–71 (4th Cir. 2017) (internal quotation marks and citations omitted). Because Anderson contends that the jury instruction defining "deliberate indifference" failed accurately and fairly to state the controlling law, we focus on the elements of his Eighth Amendment claim.

In his complaint, Anderson alleged that despite his notice to prison officials that a fellow inmate was hostile to him and had threatened him with violence, he was placed in the vicinity of that inmate, who then assaulted and seriously injured him. He alleged that the officials knew that he faced substantial risk of being harmed when they allowed him and the fellow inmate to be in the same location and were deliberately indifferent to that risk, thereby breaching their duty under the Eighth Amendment to guarantee his safety.

The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *see Robinson v. California*, 370 U.S. 660, 666 (1962). Punishments implicating the Eighth Amendment are not limited to the sentences actually handed down by the sentencing court but may also include "deprivations . . . suffered [by inmates] during imprisonment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *see also Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). In this vein, for example, the *Estelle* Court held

6

that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." 429 U.S. at 104 (citation omitted). As it explained:

> This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in *intentionally* denying or delaying access to medical care or *intentionally* interfering with the treatment once prescribed.

*Id*. at 104–05 (emphasis added). And like inadequate medical care, inadequate conditions of confinement can also constitute a cruel and unusual punishment. *See Wilson*, 501 U.S. at 303. But again, Eighth Amendment liability "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id*. at 299 (quoting *Whitney v. Albers*, 475 U.S. 312, 319 (1986)).

A prisoner seeking to prove a violation of the Eighth Amendment must satisfy an objective requirement of showing that the deprivation that he suffered in prison was "sufficiently serious" and a subjective requirement of showing that the defendant had a "sufficiently culpable state of mind," *Wilson*, 501 U.S. at 298, so as to ensure that the deprivation qualifies as a *punishment* implicating the Eighth Amendment, *see id*. at 299–301; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Cox v. Quinn*, 828 F.3d 227, 235–36 (4th Cir. 2016). Indeed, as to the subjective requirement, the Supreme Court has recognized that to be held liable under the Eighth Amendment, the prison official must have had a "criminal-law *mens rea*." *Farmer*, 511 U.S. at 839; *see also Wilson*, 501 U.S.

7

at 302–03. For claims challenging conditions of confinement, this *mens rea* may be demonstrated by showing either intentional conduct or criminally reckless conduct (as distinct from recklessness as defined in the civil law). *Farmer*, 511 U.S. at 836–40. The *Farmer* Court explained that the "civil law generally calls a person reckless who acts or (if the person has a duty to act) fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it *should be known*," whereas "[t]he criminal law . . . generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware," emphasizing the distinction between *objective* and *subjective* recklessness. *Id*. at 836–37 (emphasis added). It concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in [the Court's] cases." *Id*. at 839–40.

The Supreme Court in *Farmer* thus relied on criminal-law recklessness in defining "deliberate indifference," the minimum *mens rea* or state of mind necessary for claims like the one before us. 511 U.S. at 839–40. Providing the test for determining deliberate indifference, the *Farmer* Court stated:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837. In addition, the prison official must "*consciously disregard*" that known risk of serious harm. *Id*. at 839 (emphasis added) (brackets omitted) (quoting Model Penal

Code § 2.02(2)(c)).  An accidental or inadvertent response to a known risk is insufficient

to create Eighth Amendment liability.  *See id*. at 840–41; *see also Cox*, 828 F.3d at 236.

Not only is the criminal-law standard for recklessness "familiar and workable,"

*Farmer*, 511 U.S. at 839, it is also unambiguous.  As Professor Wayne LaFave describes

the criminal-law standard:

> [C]rimes defined so as to require that the defendant intentionally cause a forbidden bad result are usually interpreted to cover one who knows that his conduct is *substantially certain* to cause the result, whether or not he desires the result to occur.  "Recklessness" in causing a result exists when one is aware that his conduct *might* cause the result, though it is not substantially certain to happen. . . .  Thus, while "knowledge" and the knowing-type of "intention" require a consciousness of almost-certainty, recklessness requires a consciousness of something far less than certainty or even probability.

1 Wayne R. LaFave, *Substantive Criminal Law* § 5.4(f), at 376–77 (2d ed. 2003)

(footnote omitted).  Thus, criminally reckless conduct may be exemplified by the conduct

of a person who deliberately drives his automobile while intoxicated, knowing well that

such conduct *might* result in harm but who does not intend to cause such harm.  His

conduct is intentional with respect to taking a known risk, but unintentional as to the

resulting harm.

Clark & Marshall's criminal law treatise similarly explains criminal recklessness:

> Usually wanton or reckless conduct consists of an affirmative act, like driving an automobile or discharging a firearm, in disregard of probable harmful consequences to another.  But where . . . there is a duty of care for the safety of [others], wanton or reckless conduct may consist of *intentional failure to take care in disregard of the probable harmful consequences* to them or of their right to care.

\*      \*      \*

9

*What must be intended is the conduct, not the resulting harm.*

Clark & Marshall, *A Treatise on the Law of Crimes* § 5.08, at 256 (6th ed. 1958) (emphasis added) (citations omitted); *see also* Model Penal Code § 2.02(2)(c).

Our decisions reflect these principles from *Farmer* and the criminal-law concept of recklessness that *Farmer* adopted. In *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294 (4th Cir. 2004), we noted that, under the deliberate indifference standard, the prison official must have both "subjectively recognized a substantial risk of harm" and "*subjectively recognized that his actions were 'inappropriate in light of that risk.*'" *Id.* at 303 (emphasis added) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk")); *see also Cox*, 828 F.3d at 236 ("[I]n addition to subjectively recognizing that substantial risk, the prison official must also subjectively be aware that 'his actions were inappropriate in light of that risk'"). Under these decisions, the *subjective recognition* of the inappropriateness of the measures taken in response to a known substantial risk of harm is tantamount to a deliberate or intentional failure to act appropriately, with *indifference* (rather than intent) as to whether any harm will occur.

Reckless conduct in the criminal law is thus distinct from intentional conduct based on the knowledge *vel non* of the consequences flowing from deliberately taking a known risk: recklessness is the intentional taking of a risk that *might* result in harm, whereas intentional conduct, at a minimum, involves the intentional taking of a risk that

is *substantially certain* to result in harm.  *See* LaFave, *supra*, § 5.4(f), at 376.  The essence of such recklessness is a conscious carelessness of consequence.  It is also distinct from negligence based on the requirement that the disregard of risk be *deliberate*; without a deliberate or intentional disregard of the risk, the conduct becomes merely negligent, which fails to satisfy the *mens rea* required for deliberate indifference.  *See Parrish*, 372 F.3d at 306–07 (noting that "an officer's response to a perceived risk must be more than merely negligent or simply unreasonable" to qualify as deliberate indifference).

In sum, the "deliberate indifference" defined by *Farmer* may be characterized by three components:  (1) the subjective knowledge of a substantial risk of serious harm; (2) the conscious disregard of that risk; and (3) the absence of intent to cause the harm risked.  More concisely, *Farmer* defines deliberate indifference as the *intentional* taking of a risk that the defendant knows *might cause harm* while *lacking any intent to cause such harm*.

Applying these principles to the case before us, we conclude that the district court adequately informed the jury of the correct definition of "deliberate indifference" as it relates to Eighth Amendment liability.  In its instructions, the district court began by correctly explaining *Farmer*'s holding by stating that an inmate such as Anderson "had a right under the Eighth Amendment to be protected from attacks by other inmates, but he may only recover from these defendants if they knew of a substantial risk of serious harm to him while in custody and failed or refused to take reasonable measures to prevent that harm."  Then, breaking down the elements of an Eighth Amendment claim, the court

11

again stated that Anderson must show that the defendants "knew of a substantial risk of serious harm from an attack by . . . Rilee[] before it happened" and also that "the defendants, with deliberate indifference to Mr. Anderson's need to be protected from such an attack by Rilee, failed to take reasonable steps to protect him."  Finally, the court stated:

> Deliberate indifference is established only if the defendants, either both defendants or one of them, had actual knowledge of a substantial risk that Anderson would be injured by Rilee and if the defendants recklessly disregarded that risk by intentionally refusing or failing to take reasonable measures to deal with the risk.  Mere negligence or inadvertence does not constitute deliberate indifference.

Taken together, these instructions fairly conveyed *Farmer*'s basic holding that "deliberate indifference" requires proof that the prison official knew that the inmate faced "a substantial risk of serious harm" but responded by "consciously disregard[ing]" that known risk.  *Farmer*, 511 U.S. at 837, 839.

Moreover, in giving its deliberate indifference instruction, the district court quoted nearly verbatim a model jury instruction that is commonly used by trial courts to instruct juries on "deliberate indifference."  *See* 3B Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 166:30, at 648 (6th ed. 2013).[*]

---

[*] This model instruction provides:

> Deliberate indifference is established only if there is actual knowledge of a substantial risk that plaintiff __ *[describe serious medical problem or other serious harm that defendant is expected to prevent]* and if defendant prison officials disregard that risk by intentionally refusing or failing to take reasonable measures to deal with the problem.  Mere negligence or inadvertence does not constitute deliberate indifference.

12

Anderson contends that the district court erroneously raised the deliberate indifference standard from a *recklessness* standard to one requiring *intentional* conduct by including the single word "intentionally" before the word "refusing" in the portion of the instruction that stated that "[d]eliberate indifference is established only if the defendants . . . had actual knowledge of a substantial risk that Anderson would be injured by Rilee and if the defendants recklessly disregarded that risk by *intentionally* refusing or failing to take reasonable measures to deal with the risk." (Emphasis added). According to Anderson, by including the word "intentionally," the jury was led to "believ[e] that it had to conclude that the Defendants *intended* [for] Anderson to be hurt" or that they "*intended* that the attack on [him] take place."

Of course, if the instruction could be read to require *an intent to harm* or *an intent that the attack on Anderson take place*, Anderson's objection would be well taken. But this interpretation is simply not supported. The word "intentionally" is an adverb placed before "refusing or failing" and therefore could be taken to modify "refusing" or both "refusing" and "failing." But it cannot be construed as requiring that the defendants must have intended for Anderson to be harmed. Rather, the instruction states that the defendants must have *intended their response* (*i.e.*, refusing or failing to take reasonable measures) to the known risk, which is consistent with the Supreme Court's direction that deliberate indifference requires proof that the defendant "consciously disregard" the known risk. *Farmer*, 511 U.S. at 839. The instruction is thus entirely consistent with criminal recklessness, as demonstrated above.

Parsing the instruction phrase by phrase and word by word, as Anderson seeks to do, disregards the meaning of the instruction as a whole, which was faithful to *Farmer*. While "[i]t is easy enough to pick at words, phrases, and sentences in a charge," we must understand that the jury heard "the charge in its totality." *Noel v. Artson*, 641 F.3d 580, 586 (4th Cir. 2011).

We conclude accordingly that the district court's instruction on deliberative indifference — which properly incorporated the criminal recklessness standard and tracked the model instruction in *Federal Jury Practice and Instructions* — adequately and fairly stated the controlling law. We therefore affirm the judgment of the district court.

AFFIRMED